## The People of the State of Illinois, Defendant in Error, v. Samuel Golden, Plaintiff in Error.

## Gen. No. 16,306.

1. WIFE ABANDONMENT—*when information sufficient.* An information charging the offense of wife abandonment is not defective in failing to allege that the wife was in destitute or necessitous circumstances at the time of the alleged abandonment.

2. STATUTES—*function of title of act.* The title of an act is no part thereof, although it is not to be wholly disregarded in construing the act and may be resorted to where a consideration of the act itself makes the intention of the legislature uncertain or ambiguous.

3. MUNICIPAL COURT—*what within criminal jurisdiction of.* The Municipal Court has jurisdiction of the offense of wife abandonment.

4. MUNICIPAL COURT—*when retains jurisdiction after lapse of 30 days from final order.* By virtue of the wife abandonment act construed in connection with section 21 of the municipal court act the municipal court has jurisdiction to change the allowance for the support of the wife and child or children from time to time as the circumstances may require in accordance with the provisions of said wife abandonment act.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 14, 1912.

SAUL C. ERBSTEIN, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; OTTO B. SCHRAM, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Upon prosecution by information in the Municipal Court the plaintiff in error was found guilty by a jury of the offense of wife abandonment, and sentenced by the court to imprisonment at labor in the house of correction for seven months and to pay a fine of $200 and costs. This writ of error is prosecuted to re-

verse such judgment of conviction.

It is insisted that the information is fatally defective because it fails to allege that the wife was in destitute or necessitous circumstances at the time of the alleged abandonment. The portion of the section of the statute in question is as follows:

"That every person who shall, without cause, abandon his wife and neglect and refuse to maintain and provide for her, or who shall abandon his or her minor child or children under the age of twelve years, in destitute or necessitous circumstances, and wilfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished," etc. R. S., 1909, p. 1243, par. 24.

Under this statute the words "in destitute or necessitous circumstances," are descriptive of and relate to the minor child or children and not the wife. True, the act is entitled, "An Act making it a misdemeanor to abandon or wilfully neglect to provide for the support and maintenance by any person, of his wife, or of his or her minor children, in destitute or necessitous circumstances," but the title of the Act is no part of the act, and although it is not to be wholly disregarded in construing the act, and may be resorted to where a consideration of the act itself makes the intention of the legislature uncertain or ambiguous, there is no occasion to consider it in this instance.

It is insisted that the Municipal Court was without jurisdiction to try plaintiff in error upon the information and to render a judgment in the case. This insistence is predicated, as we understand it, upon the ground, first, that the statute defining the offense charged in the information, provides that the court may, in addition to imposing a punishment by fine or imprisonment, or both, direct the defendant to pay a certain sum weekly for one year to the wife, guardian or custodian of the minor child or children, and sec-

ond, that the same statute provides that the court may change such order or direction from time to time as the circumstances may require. In support of the first ground it is said that an offense made punishable by a penalty in addition to fine or imprisonment, otherwise than in the penitentiary, or both, may only be prosecuted upon indictment by a grand jury, and People v. Kipley, 171 Ill. 44, and People v. Russell, 245 Ill. 268, are cited as being in point. Neither of these cases is pertinent. In the Kipley case, it was held that disqualification to hold office following conviction of the offense there involved rendered the offense infamous and not subject to prosecution by information. In the Russell case, it was held that petit larceny was an infamous crime and could only be prosecuted upon indictment by a grand jury.

The provision in the act relating to abandonment of wife or children, authorizing the court to require the defendant to pay a certain sum weekly for one year for the support of the wife or child or children, is not, strictly speaking, in the nature of a penalty, but merely the enforcement of a legal obligation by summary process.

In support of the second ground, it is said that, as the act in question authorizes the court to change the allowance for the support of the wife or child or children from time to time as the circumstances may require, the Municipal Court is powerless to execute it, because it is not permitted by statute to change any final order after thirty days from the entry thereof. Section 21 of the act creating municipal courts provides. in part. as follows:

"Every judgment, order or decree of said court final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court, during the term at which the same was rendered in such circuit court, provided a motion to vacate,

set aside or modify the same be entered in said Municipal Court within thirty days after the entry of such judgment, order or decree. If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified, excepting on appeal or writ of error, or by a bill in equity, *or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity.*"

In changing any order theretofore made with respect to an allowance for the support of a defendant's wife or child or children, as the circumstances may require, the court would necessarily be moved by equitable considerations, and we apprehend that the provision in the portion of the section above quoted, relating to an application to the court by petition, vests ample authority in the court to order such changes in the allowance as may be deemed necessary.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*